UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-81845-CV-AMC

ICA INVESTMENTS, INC.,

        Plaintiff,

v.

LEXINGTON INSURANCE CO.,

        Defendant.

_____/

**REPORT AND RECOMMENDATION ON
<u>MOTION TO STRIKE AFFIRMATIVE DEFENSES [ECF No. 17]</u>**

**"Wisdom too often never comes, and so one ought not to reject it merely because it comes late."** *Henslee v. Union Planters Nat. Bank & Tr. Co.*, 335 U.S. 595, 600 (1949) (Frankfurter, J., dissenting).

This case presents a far-too-common question for courts — is a particular legal argument a denial or an affirmative defense? The answer to this dispute lies in Federal Rules of Civil Procedure 8 and 12, and in the distinction between a denial and an affirmative defense. As discussed below, the administration of justice would benefit from more precise pleading that reflects this difference.

Plaintiff filed a complaint. Defendant filed an "Answer and Affirmative Defenses." As that name suggests, the Defendant's pleading comprised two separate sections. The first section responded, paragraph-by-paragraph, to the Complaint by admitting, denying, or stating that the Defendant was unable to admit or deny. The second section was titled "Affirmative Defenses." It listed 16 separate legal arguments for why the Plaintiff could not prevail on its claims. The Plaintiff now moves to strike several of these legal arguments on two grounds: (1) they are not pled with sufficient detail and (2) some are mere denials, not affirmative defenses. Defendant responds that (1) there is no heightened pleading requirement for affirmative defenses, (2) that much of what it has pled *are* affirmative defenses, and (3) to the extent they are not *affirmative* defenses, they should not be stricken because they are nevertheless valid defenses that must be pled to avoid being waived.

For the following reasons, I recommend that the Motion to Strike be DENIED.[1]

## I.   LEGAL PRINCIPLES

A defense that points out a defect in the Plaintiff's ability to prove a *prima facie* case is a denial. *E.g., In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). In contrast, "[a]n affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." *ECB USA, Inc. v. Chubb Ins. Co. of New Jersey*, No. 20-20569-CIV,

---

[1] Defendant asserts that the motion should be denied because Plaintiff did not comply with the conferral requirements of our Local Rules. I need not reach this issue because Defendant wins on the merits.

2

2021 WL 4973579, at *2 (S.D. Fla. June 29, 2021) (J. Torres) (citations omitted). More simply, a denial says, "The Plaintiff can't prove it." An affirmative defense says, "Even if they can prove it, I'm win anyway." So, failure to state a claim upon which relief can be granted is a quintessential denial. The statute of limitations is a paradigmatic affirmative defense.

This difference has practical significance. For example, the plaintiff bears the burden of proving all elements of its cause of action, which includes overcoming any denials. On the other hand, the defendant bears the burden of proving an affirmative defense at trial. *See Thorsteinsson v. M/V Drangur*, 891 F.2d 1547, 1551 (11th Cir. 1990). So, whether a legal argument is a denial or an affirmative defense affects summary judgment motion and trial practice. *Id*. But, treating a legal argument as an affirmative defense as opposed to a denial (or vice versa) does not remove it from the litigation. Not surprisingly, then, where a denial is wrongly pled as an affirmative defense, the usual remedy is to deem it a specific denial, not to strike it. *Fin. Designs, Inc. v. Evanston Ins. Co.*, No. 22-CV-21941, 2022 WL 13637688, at *3 (S.D. Fla. Oct. 21, 2022) (J. Damian) (citations omitted).

The Federal Rules of Civil Procedure structurally recognize the distinction between a denial and an affirmative defense. Rule 8(b) is titled "Defenses; Admissions and Denials." It requires the Defendant to "state in short and plain terms its *defenses* to each claim asserted against it and to admit or deny the [Plaintiff's] allegations." Fed. R. Civ. P. 8(b)(1) (emphasis added). Rule 8(c) is titled "Affirmative Defenses." It requires the Defendant to "affirmatively state any *avoidance or affirmative defense*."

3

Fed. R. Civ. P. 8(c)(1) (emphasis added). "Defenses" include denials. "Affirmative defenses" are a subset of "defenses" and do not include denials.

Separately, Rule 12(b) controls how defenses are asserted and preserved. It states, "Every defense to a claim for relief . . . must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b). Some defenses can be asserted by motion. Fed. R. Civ. P. 12(b)(1)-(7). Notably, the enumerated defenses in Rule 12(b) include both denials and affirmative defenses. *See, e.g., Perlman v. Delisfort-Theodule*, 451 Fed. Appx. 846, 848 (11th Cir. 2012) (lack of personal jurisdiction is an affirmative defense); *Bernal v. All Am. Inv. Realty, Inc.*, No. 05-60956-CIV, 2006 WL 8431426, at *2 (S.D. Fla. Jan. 17, 2006) (J. Seitz) ("Because lack of subject matter jurisdiction may be raised at any time, it is not an affirmative defense."); *Birren v. Royal Caribbean Cruises, Ltd.*, 336 F.R.D. 688, 697 (S.D. Fla. 2020) (J. Bloom) (Failure to state a claim is not an affirmative defense). Several of these defenses are waived if they are not raised by motion or included in the defendant's answer. Fed. R. Civ. P. 12(h)(2).

An defense under Rule 8(b) or Rule 8(c) does not have to meet the same pleading requirements as a complaint under Rule 8(a). *Laferte v. Murphy Painters, Inc.*, No. 17-CIV-60376, 2017 WL 2537259, at *2 (S.D. Fla. June 12, 2017) (J. Bloom); *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 682 (S.D. Fla. 2015) (J. Moore) ("[T]his Court joins the growing number of courts in this circuit and others in finding that a lower pleading standard applies to affirmative defenses."). "Pursuant to Federal Rule 8(b)(1)(A), a party responding to a pleading need only 'state in short and plain terms

4

its defenses to each claim asserted against it.'" *Harapeti v. CBS Television Stations, Inc.*, No. 20-CV-20961, 2021 WL 1854141, at *1 (S.D. Fla. May 10, 2021) (J. Louis) (citation omitted). The responsive pleading is sufficient if it provides fair notice of the defense being asserted.

Rule 12(f) permits the Court to strike a legally insufficient defense. Fed. R. Civ. P. 12(f). "'[A]n affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations' or is 'insufficient as a matter of law.' An affirmative defense is insufficient as a matter of law where: '(1) in the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Northrop & Johnson Holding Co., Inc. v. Leahy*, No. 16-CV-63008, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (internal citations omitted) (J. Bloom).

In the context of insurance coverage claims, there is a split in authority within this District about whether it is an affirmative defense or a denial to assert that a plaintiff is not entitled to damages because an insurance policy exclusion applies. *Compare, e.g., TRG Oasis (Tower One), Ltd. v. Crum & Forster Specialty Ins. Co.*, No. 22-21346-CIV, 2022 WL 4631917, at *3 (S.D. Fla. Sept. 14, 2022) (J. Goodman) ("[I]t is a valid affirmative defense to claim damages are nonrecoverable based on a policy exclusion."), *report and recommendation adopted*, No. 22-21346-CIV, 2022 WL 4599056 (S.D. Fla. Sept. 30, 2022) (J. Scola), *and Pac. Ins. Co. Ltd. v. Aviara Homeowners Ass'n, Inc.*, No. 10-80277-CIV, 2011 WL 13227743, at *3 (S.D. Fla. Jan. 24, 2011) (J. Cohn) (defense based on policy exclusion ordinarily should be raised as an affirmative defense), *with e.g., Purdy Lane, Inc. v. Scottsdale Ins. Co.*, No. 20-

80966-CIV, 2020 WL 6484129, at *3 (S.D. Fla. Aug. 20, 2020) (J. Marra) (existence of a policy exclusion is a denial not an affirmative defense), *and Square At Key Biscayne Condo. Ass'n, Inc. v. Scottsdale Ins. Co.*, No. 13-24222-CIV, 2014 WL 11946880, at *2 (S.D. Fla. Mar. 28, 2014) (J. Graham) (same). If an insurance exclusion is an affirmative defense, it is pled with adequate specificity if it directly quotes the relevant insurance policy language. *TRG Oasis* at *3 (citing *Pac. Ins. Co.*, 2011 WL 13227743, at *3).

I agree with those who conclude that an insurance exclusion is an affirmative defense. Under Florida law, an insurer has the burden of proving that a policy exclusion applies. *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 139 F. Supp. 3d 1341, 1351 (S.D. Fla. 2015) (J. Altonaga). Treating a policy exclusion as an affirmative defense incorporates this burden of proof, whereas treating the exclusion as a denial would appear to be inconsistent with Florida law.

Of course, it may not always be clear if a provision in an insurance policy is a clarification of the scope of coverage or an exclusion. Insurance policies have a somewhat confusing structure. They begin with a broad grant of coverage; here, the policy covers damage caused to the Plaintiff's property by wind and water. ECF No. 1-1 at 8 ¶5. Most insurance policies then impose conditions under which there is no coverage. Some conditions are procedural – for example, the insurer must be promptly notified of the claim, the insured must cooperate with the insurer in adjusting the claim, the insured must take steps to mitigate damage to the property or to prevent it from worsening, the insured cannot have made false statements on the insurance

6

application. Others may refine or clarify the scope of the initial coverage. For example, if the damage was pre-existing, it was not caused by the insured risk and there is no coverage. Others may exclude coverage even if it was caused by the covered risk — for example, if the insured had failed to maintain the insured property in good order or there was a faulty design. So, a familiar question returns: (1) was the damage never covered at all (a denial/limitation) or (2) was there once presumptively coverage but something has taken that coverage away (an affirmative defense/exclusion).

## II.   DISCUSSION

Plaintiff argues that "an affirmative defense must be pled with sufficient specificity and with **sufficient factual basis** (emphasis added) to give the Plaintiff 'fair notice' of the defense that is being advanced." ECF No. 17 at 2. They move to strike the 1st, 8th, 9th, 12th, and 14th Affirmative Defenses on this ground. They move to strike the 4th, 5th, 6th, 7th, and 16th Affirmative Defenses because they are denials not affirmative defenses. The legal rguments in question are:

- Lack of prompt notice (1st Affirmative Defense)
- Wear and tear (4th Affirmative Defense)
- Existing damage (5th Affirmative Defense)
- Defective design or maintenance (6th Affirmative Defense)
- Direct physical loss (7th Affirmative Defense)
- Weather conditions (8th Affirmative Defense)
- Non-waiver (9th Affirmative Defense)
- Actual cash value (12th Affirmative Defense)

- Failure to state a claim (13th Affirmative Defense)

- Laches (14th Affirmative Defense)

- Failure to comply with a condition precedent under Florida law (15th Affirmative Defense)

- All policy limitations and exclusions apply (16th Affirmative Defense)

<u>First, Eighth, Ninth, Twelfth, Fourteenth Affirmative Defense</u>

Plaintiff concedes these arguments are affirmative defenses but argues Defendant has not alleged sufficient facts. For the reasons stated above, Defendant is not required to plead this level of detail. As pled, they give sufficient notice of the defense being asserted. Plaintiff can develop additional facts in discovery. The Motion to Strike these defenses should be denied.

<u>Fourth through Seventh Affirmative Defenses</u>

Plaintiff argues these defenses are denials. The Fourth and Seventh Affirmative Defenses quote the portion of the policy that defines the "Perils Insured Against." The Fifth and Sixth Affirmative Defenses cite to sections of the policy titled "Exclusion." If the insurer is arguing that something was never covered in the first place, it is making a denial. If the insurer is arguing that something would otherwise have been covered but is excluded for some other reason, it is asserting an affirmative defense. Therefore, the Fourth and Seventh Affirmative Defenses should not be stricken but should be treated as denials on which the Plaintiff will have the burden of proof at trial. The Fifth and Sixth Affirmative Defenses are affirmative defenses

on which the Defendant will have the burden of proof at trial. These affirmative defenses contain sufficient facts to put Plaintiff on notice.

### Thirteenth Affirmative Defense

Failure to state a claim upon which relief can be granted is a denial on which Plaintiff will have the burden of proof at trial. The Motion to Strike should be denied but the defense should be recharacterized as a denial.

### Fifteenth Affirmative Defense

Defendant asserts that Plaintiff did not provide pre-suit notice as required by Florida Statute 627.70132. Failure to give timely notice of an insurance claim is an affirmative defense. *See, e.g., Stark v. State Farm Florida Ins. Co.*, 95 So. 3d 285, 287 (Fla. 4th DCA 2012). As with the First Affirmative Defense, no additional facts need be pled, here.

### Sixteenth Affirmative Defense

Plaintiff alleges that this defense is a general denial, not an affirmative defense. It appears to be both. Regardless, it is not patently frivolous or invalid as a matter of law, so it should not be stricken.

### III. FINAL THOUGHTS FOR THE FUTURE

To recap, Defendant responded to the Complaint by filing a pleading captioned "Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint." ECF No. 6. The first 4½ pages were a paragraph-by-paragraph response to the Complaint. Beginning in the middle of page 5 was a section captioned "Affirmative Defenses." It was followed by 16 separate legal arguments, each called an "affirmative defense."

But, for the reasons discussed above, some of those defenses were denials, not affirmative defenses.

Here is the belated wisdom.

In the future, parties asserting both denials and affirmative defenses should differentiate them in their Answer — *structure the Answer as three sections, not two*. One section should admit or deny the allegations in the complaint, as required by Rule 8(b)(1), one should be the non-affirmative defenses, as required by Rule 12(b), and one should be the affirmative defenses, as required by Rule 8(c). Using this approach would clarify the pleadings and (one hopes) spare the Court having to expend resources on motions like this one, which are generally disfavored and rarely result in a defense being removed from the case. *See, e.g., Ginley v. Dutra Dredging Co.*, No. 19-23487-CIV, 2020 WL 13379368, at *1 (S.D. Fla. June 10, 2020) (J. Martinez) (striking affirmative defenses is a drastic remedy that is generally disfavored); *Tsavaris*, 310 F.R.D. at 680 (same); *Mendez v. Jarden Corp.*, No. 10-80966-CIV, 2011 WL 13227824, at *1 (S.D. Fla. June 29, 2011) (J. Dimitrouleas) (same).

## **REPORT AND RECOMMENDATION**

Accordingly, this Court **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion to Strike Affirmative Defenses (ECF No. 17).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 8th day of February 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE